**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jason Nye,<br>Plaintiff,<br>v.<br>Auto-Owners Insurance, et al.,<br>Defendants. | No. CV-25-02455-PHX-SMB<br>**ORDER** |

Defendant Auto-Owners Insurance Company ("Auto-Owners" or "Defendant") filed a Motion to Limit and/or Preclude Opinions and Testimony of Robert Dietz. (Doc. 39.) This motion has been fully briefed. For the reasons noted below, the Court **grants the motion in part.**

## I. BACKGROUND

Defendant asks the Court to strike the report and rebuttal report of Plaintiff's expert, Robert Dietz, for several reasons. Defendant argues that these reports contain improper legal opinions, opinions about Auto-Owners' alleged intent, motive or state of mind, the Unfair Claim Settlement Practices Act, medical opinions, and opinions based on assumptions, speculation and misstatements of fact. (Doc. 39.) Plaintiff responds that Mr. Dietz cannot and will not provide legal, medical or state-of-mind opinions but that the majority of his opinions are based on his area of expertise and are proper. (Doc. 41.)

## II. LEGAL STANDARD

Rule 702 allows expert opinion testimony where "it is more likely than not that: (a)

the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." "[A] district court discharges its gatekeeping role under Rule 702 by ensuring that any and all . . . testimony or evidence admitted is not only relevant, but reliable." *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025). "The test of reliability is flexible." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). Moreover, a "trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Temple v. Hartford Ins. Co. of the Midwest*, 40 F.Supp.3d 1156, 1160 (D. Ariz. 2014).

## III. DISCUSSION

### A. Legal, Medical, State-of-Mind Opinions

"The Court recognizes that there is a fine line between testifying about how legal precedent applies to the alleged facts and providing a legal conclusion." *Robles v. Am. Zurich Ins. Co.*, 626 F.Supp.3d 1089, 1092 (D. Ariz. 2022). Interpretations of language in the insurance policy, assertions of Arizona insurance law, and applications of Arizona law to the facts of the case are not "legitimate expert testimony" and are opinions on the ultimate issue of law which is the "province of the court." *City of Phoenix v. First State Ins. Co.*, No. CV-15-00511-PHX-NVW, 2016 WL 4591906 at *18 (D. Ariz. Sept. 2, 2016). The Court will hold Plaintiff to the standard of not soliciting any improper legal opinion testimony from Mr. Dietz.

Additionally, Mr. Dietz is not a physician and is therefore not qualified to provide any medical opinions. His specialized knowledge is not in the field of medicine. Rule 702(a). Finally, "[c]ourts routinely exclude as impermissible expert testimony as to intent, motive or state of mind." *Finkelstein v. Prudential Fin. Inc.*, No. CV-21-00657-PHX-MTL, 2023 WL 6970280 at *16 (D. Ariz. Oct. 23, 2023).

The parties and the Court agree that Mr. Dietz should not testify as to any legal,

medical or state-of-mind opinions. Auto-Owners further asks the Court to preclude Mr. Dietz from testifying about the Unfair Claims Settlement Act and any statements based on assumptions, speculation and misstatements of fact. The Court will now evaluate those other statements.

**B. Unfair Claims Settlement Act**

Having reviewed the original report and the rebuttal report, the only reference to the Unfair Claims Settlement Act appears in the original report on pages 4 to 5 where the model statute is cited as providing minimum standards in the insurance industry. (Doc. 39-1 at 4, 5.) There is no reference in either report suggesting that a violation of that statute would support a claim for relief, as Defendant purports. (Doc. 39 at 10-11.)

The Court agrees with Plaintiff that the statute is but one source that an expert could rely on to determine general insurance industry standards. "The standards of conduct for insurers and adjusters in Arizona follow the National Association of Insurance Commissioners model rules, which were adopted in the Arizona Unfair Claims Settlement Practices Act, A.R.S. § 20-461 (2012)." *Temple,* 40 F.Supp.3d at 1161 (citation modified). There is no reason to exclude any reference to the model statute or Arizona's statute. "Both Arizona law and Ninth Circuit law recognize that experts in the area of insurance claim handling are proper, that they may testify regarding the application of industry standards to claim handling, and that they may refer to legal precedent to the extent necessary to explain the facts of their opinions." *Id.*

**C. Assumptions, Speculation and Misstatements of Fact**

Defendant further argues that Mr. Dietz' opinions are improperly based on assumptions about the adjuster's background or qualifications, that she only speculated and did not explain the basis for the decision to offer only $30,000 on this claim, and that Defendant's practices and procedures in not having sufficient properly trained staff to handle these claims caused unreasonable delay. (Doc. 39 at 12-13.) These arguments are more appropriately the subject of cross-examination, not a basis to preclude Mr. Dietz from testifying. "Shaky but admissible expert opinion evidence is to be attacked by cross

examination, contrary evidence, and attention to the burden of proof, not exclusion." *Temple*, 40 F.Supp.3d at 1161.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED granting the Motion in part** (Doc. 39) as to Mr. Dietz testifying to any legal, medical or state-of-mind opinions, and denied in all other respects.

Dated this 16th day of October, 2026.

Honorable Susan M. Brnovich
United States District Judge